IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL No. 30 HEALTH and WELFARE FUND, and RICHARD G. WILDE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 05-360 |
| VISTA HEALTH PLAN, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 05-365 |
| ALLIED SERVICES DIVISION WELFARE FUND, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 05-394 |

| | |
|---|---|
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, on behalf of itself and all others Similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE; and LABORATORIES FOURNIER S.A.,<br><br>      Defendants. | Civil Action No. 05-390 |
| DIANA KIM, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATORIES FOURNIER, S.A.<br><br>      Defendants. | Civil Action No. 05-426 |
| PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated,<br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A.,<br><br>      Defendants. | Civil Action No. 05-467 |

| | |
|---|---|
| CINDY CRONIN, on behalf of herself and all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A., )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 05-482 |
| CHARLES M. SHAIN and SANDRA KRONE on behalf of themselves and all other persons and entitles similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATORIES FOURNIER, S.A. )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 05-475 |
| ELAINE M. PULLMAN, NEIL PERLMUTTER, HELENA PERLMUTTER, and LULA RAMSEY, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABBOTT LABORATORIES; FOURNIER INDUSTRIE ET SANTE; and LABORATORIES FOURNIER S.A., )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 05-450 |

```
LOCAL 28 SHEET METAL WORKERS, on        )
behalf of itself and all others similarly situated,  )
                                        )
                  Plaintiff,            )
                                        )   Civil Action No. 05-516
        v.                              )
                                        )
ABBOTT LABORATORIES;                    )
FOURNIER INDUSTRIE ET SANTE;            )
and LABORATORIES FOURNIER S.A.,         )
                                        )
                  Defendants.           )
                                        )
```

## [PROPOSED] PRETRIAL ORDER NO. 1 REGARDING CONSOLIDATION OF INDIRECT PURCHASER CLASS ACTIONS AND COORDINATION OF INDIRECT PURCHASER CLASS ACTIONS WITH DIRECT PURCHASER ACTIONS AND DIRECT PURCHASER INDIVIDUAL ACTIONS

WHEREAS, plaintiffs, indirect purchasers of the drug TriCor®, have filed complaints in *Painters District Council No. 30 Health and Welfare Fund v. Abbott Laboratories*, et al., No. 05-360; *Vista Health Plan v. Abbott Laboratories*, et al., 05-365; *Allied Services Division Welfare Fund v. Abbott Laboratories*, et al., 05-394; *Pennsylvania Employees Benefit Trust Fund v. Abbott Laboratories*, et al., 05-390; *Kim v. Abbott Laboratories*, et al., 05-426; *Philadelphia Federation of Teachers Health and Welfare Fund v. Abbott Laboratories*, et al., 05-467; *Cronin v. Abbott Laboratories*, et al., 05-482; *Shain v. Abbott Laboratories*, et al., 05-475; *Pullman v. Abbott Laboratories*, et al., 05-450; and *Local 28 Sheet Metal Workers v. Abbott Laboratories*, et al., 05-516, for alleged violations of the antitrust laws involving the drug TriCor® and its generic equivalents, pursuant to Section Two of the Sherman Act, 15 U.S.C. §2;

WHEREAS, plaintiffs and defendants are aware of additional actions arising out of the same operative facts as the above-captioned actions and alleging violations of the antitrust laws

involving the drug TriCor® and its generic equivalents on behalf of direct purchasers of TriCor® (the "Direct Purchaser Actions");

WHEREAS, defendants intend to resist such allegations; and

WHEREAS, plaintiffs and defendants believe consolidation and/or coordination of the above-referenced actions will avoid unnecessary costs and promote the efficient conduct of proceedings therein;

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION AND COORDINATION

A.  The Indirect Purchaser Class Actions are consolidated pursuant to Fed. R. Civ. P. 42 (a) for all purposes. Any subsequently filed case brought on behalf of a putative class of indirect purchasers of TriCor®, and that arises out of the same operative facts as the above-captioned actions, shall be consolidated with the Indirect Purchaser Class Actions and shall be subject to this Pretrial Order No. 1 (the "Order"). Any subsequently filed case brought on behalf of an indirect purchaser of TriCor®, and that arises out of the same operative facts as the above-captioned actions shall be coordinated with those actions and be subject to the Order. The current actions and those that may be consolidated or coordinated with the current actions pursuant to this Order are collectively referred to as the "Coordinated Indirect Purchaser Actions."

B.  The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

C.  The Coordinated Indirect Purchaser Actions are listed in Schedule A attached

5

hereto. Schedule A shall be amended to include any action brought on behalf of an indirect purchaser or a putative class of indirect purchasers of TRICOR® subsequently filed or transferred to this court.

**II.  CAPTION OF CASES**

    A.    Every pleading filed in the Coordinated Indirect Purchaser Actions shall bear the following caption:

| | |
|---|---|
| IN RE: TRICOR INDIRECT PURCHASER ) <br> ANTITRUST LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> _____ ) | Civil Action No. _____ <br><br> Hon. Kent Jordan, U.S.D.J. |

    B.    When a pleading or other court paper filed in the Coordinated Indirect Purchaser Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended, or by the last name of the named plaintiff(s) and the docket number(s).

**III.  MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS**

    A.    A Master Docket and a Master File are hereby established for the Coordinated Indirect Purchaser Actions.

    B.    Documents shall bear the caption of the actions in which the authors intend the documents to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

  C. Separate dockets shall be maintained for each of the Indirect Purchaser Class Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

  D. When a pleading or other court paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

  E. When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are consolidated and/or coordinated in the Coordinated Indirect Purchaser Actions, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

### IV. NEWLY FILED OR TRANSFERRED ACTIONS

  A. When a case that relates to the subject matter of the Coordinated Indirect Purchaser Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

   1. Make an appropriate entry in the Master Docket;

   2. Place a copy of this Order in the separate file for such action;

   3. Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

   4. Mail a copy of the Order of assignment to Liaison Counsel named in this Order, and to counsel for defendants in the Coordinated Indirect Purchaser Actions.

  B. This Court requests the assistance of counsel in calling to the attention of the Clerk

of the Court the filing or transfer of any case which might properly be consolidated and/or coordinated with the Coordinated Indirect Purchaser Actions.

C. This Order shall apply to each such case referenced in ¶ IV unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

## V. ORGANIZATION OF COUNSEL

A. The Court designates the following to act on behalf of all plaintiffs in the Indirect Purchaser Class Actions with the responsibilities hereinafter described:

1. As Liaison Counsel:

   Pamela S. Tikellis (#2172)
   Robert J. Kriner, Jr. (#2546)
   A. Zachary Naylor (#4439)
   Robert R. Davis (#4536)
   One Rodney Square
   P.O. Box 1035
   Wilmington, DE 19899
   Telephone: (302) 656-2500
   Facsimile: (302) 656-9053

2. As Co-Lead Counsel:

   Patrick E. Cafferty
   Bryan L. Clobes
   Miller Faucher and Cafferty LLP
   One Logan Square
   18th & Cherry Streets
   Suite 1700
   Philadelphia, PA 19103
   Ph. (215) 864-2800
   Fax (215) 864-2810

Bernard Persky
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, NY 10017
Ph. (212) 907-0700
Fax (212) 818-0477

Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Ph. (617) 482-3700
Fax (617) 482-3003

Jeffrey L. Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Ph. (215) 496-0300
Fax (215) 496-6611

B.  Defendants' counsel of record are:

Charles D. Ossola
Cathy Hoffman
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel: 202.942.5000

Frederick L. Cottrell, III
Anne Shea Gaza
**RICHARDS, LAYTON & FINGER**
One Rodney Square
Wilmington, DC 19801
Tel: 302-651-7700

*Counsel for Fournier Industrie et Santé and Laboratoires Fournier S.A.*

William F. Cavanaugh, Jr.
Chad J. Peterman
**PATTERSON, BELKNAP, WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Tel: 212-336-2000

Mary B. Graham
**MORRIS, NICHOLS, ARSHT & TUNNELL**
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801

*Counsel for Abbott Laboratories*

C. Liaison Counsel in the Indirect Purchaser Class Actions is charged with performing, on behalf of all plaintiffs in those respective actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

D. Co-Lead Counsel in the Indirect Purchaser Class Actions shall have ultimate authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with defendants; and (h) other matters concerning the prosecution of the Indirect Purchaser Class Actions. Co-Lead Counsel shall be responsible for the overall direction and administration of the Indirect Purchaser Class Actions.

E.      No motion shall be initiated or filed on behalf of any plaintiff in the Indirect Purchaser Class Actions except through Co-Lead Counsel.

F.      Co-Lead Counsel and Liaison Counsel in the Indirect Purchaser Class Actions shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all plaintiffs in those respective actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel in the Indirect Purchaser Class Actions, and such agreements shall be binding on all counsel in those respective actions.

H.      The organizational structure of plaintiffs' counsel established in paragraph V herein shall apply to plaintiffs' counsel in the Indirect Purchaser Class Actions and any other related action filed and consolidated subsequently.

I.      **Time Records**. All plaintiffs' counsel in the Indirect Purchaser Class Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee, in their respective cases.

## VI.    COORDINATION WITH DIRECT PURCHASER ACTIONS

A.      Co-Lead Counsel and Liaison Counsel in the Indirect Purchaser Class Actions, plaintiffs' counsel in the Direct Purchaser Class Actions, and plaintiff's counsel in *Walgreen Co. et al. v. Abbott Labs., et al.,* (together, "Plaintiffs' Counsel" and the "Coordinated Actions") shall reasonably coordinate activities in the Coordinated Actions to the extent appropriate and practicable. That coordination shall include, to the extent appropriate and practicable, collaboration to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice. Nothing in this Order shall be construed to place limitations on the number of interrogatories or deposition notices any plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil

Procedure or any other applicable rule of Court concerning service of interrogatories or deposition notices. Plaintiffs in the Coordinated Actions shall make reasonable efforts to avoid duplicative interrogatories.

B. Plaintiffs' Counsel and Defendants' Counsel of record shall coordinate in scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness (except for Rule 30(b)(6) witnesses who may also have individual knowledge of the subject matter of the Coordinated Actions) to more than one deposition notice in the Coordinated Actions. No witness who is deposed subsequent to the date of the entry of this Order pursuant to a notice of deposition in one or more of the Coordinated Actions shall later be subject to deposition in any of the Coordinated Actions absent leave of Court or consent of the witness. Nothing in this Order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by the Federal Rules of Civil Procedure. All parties examining a witness at a deposition shall make reasonable efforts to avoid duplicative questioning.

C. Plaintiffs' Counsel shall be responsible for the substantive conduct of their own cases. However, Plaintiffs' Counsel shall confer among themselves to make all reasonable efforts to coordinate the procedural conduct of their cases with the conduct of all other Coordinated Actions, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers.

D.      All counsel in the Coordinated Actions shall reasonably attempt to avoid duplication and inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

E.      Notwithstanding the foregoing undertakings to coordinate activities in the Coordinated Actions, each party in each of the Coordinated Actions reserves its right to: (a) obtain the information to which it is entitled in its respective action by means of the Federal Rules of Civil Procedure; and (b) pursue the relief requested, or its defenses, in its respective action with diligence and dispatch even if the progress of one or more other Coordinated Actions is delayed for reasons specific to those actions.

F.      All discovery obtained by any plaintiff in any of the Coordinated Actions may be shared by that plaintiff and counsel with any other plaintiff and counsel in the Coordinated Actions. All discovery obtained by defendants in any of the Coordinated Actions shall be deemed discovered in each of the Coordinated Actions.

## VII.    FILING AND SERVICE OF DOCUMENTS

A.      **Orders.**  A copy of each order in any of the Coordinated Actions will be provided, as applicable, to Co-Lead and Liaison Counsel in the Indirect Purchaser Class Actions, to Lead and Liaison Counsel in the Direct Purchaser Class Actions, to Defendants' Counsel, and to plaintiffs' counsel in *Walgreen Co. et al. v. Abbott Labs., et al.*

B.      **Pleadings, Motions, and Other Documents.**  Any party to any action in the Coordinated Indirect Purchaser Actions shall effect service of all papers on all parties in every Coordinated Indirect Purchaser Action as follows: (a) as applicable, Defendants' Counsel shall

serve all papers upon the first-listed attorney for each Liaison Counsel and Co-Lead Counsel in the Indirect Purchaser Class Actions, and (b) as applicable, counsel for any plaintiff in any of the Coordinated Indirect Purchaser Actions shall serve all papers on Defendants' Counsel, and on Plaintiffs' Co-Lead Counsel and Liaison Counsel in the Indirect Purchaser Class Actions.

C. Filing and service of any document in the Coordinated Indirect Purchaser Actions may be effected by transmitting a copy (for service) or the original (for filing) of the document by overnight courier for next-business-day delivery, by telecopier (for service only), or by hand delivery. Filing or service, as the case may be, shall be deemed effective on the date on which the document is sent (i.e., provided to the overnight courier even though delivery will not occur until the next business day), is telecopied (for service only), or is hand delivered.

D. Notwithstanding any other provisions herein, the Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that ECF Procedures do not apply, the parties shall serve papers in the manner described above.

E. Defendants will be deemed to have accepted service of the complaints in each of the Coordinated Indirect Purchaser Actions on the date of entry of this Order.

## VIII. MODIFICATION

A. Any party may, for good cause shown, move for modification of any provision of this Order.

SO ORDERED:

DATED: _____    _____
                                    UNITED STATES DISTRICT JUDGE

## SCHEDULE A

*Painters District Council No. 30 Health and Welfare Fund v. Abbott Laboratories*, et al., No. 05-360

*Vista Health Plan v. Abbott Laboratories*, et al., 05-365

*Allied Services Division Welfare Fund v. Abbott Laboratories*, et al., 05-394

*Pennsylvania Employees Benefit Trust Fund v. Abbott Laboratories*, et al., 05-390

*Kim v. Abbott Laboratories*, et al., 05-426

*Philadelphia Federation of Teachers Health and Welfare Fund v. Abbott Laboratories*, et al., 05-467

*Cronin v. Abbott Laboratories*, et al., 05-482

*Shain v. Abbott Laboratories*, et al., 05-475

*Pullman v. Abbott Laboratories*, et al., 05-450

*Local 28 Sheet Metal Workers v. Abbott Laboratories*, et al., 05-516